```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

FUSION CAPITAL FUND II, LLC,       )
                                   )
                  Plaintiff,       )
                                   )
     v.                            )   No.  07 C 4543
                                   )
MILLENIUM HOLDING GROUP, INC.,     )
et al.,                            )
                                   )
                  Defendants.      )

                       MEMORANDUM ORDER

     It is truly amazing that nearly a decade after our Court of Appeals' decision in Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998), and despite its numerous more recent reconfirmations of the same principle (to say nothing of like opinions by this and other District Courts), lawyers--particularly those with any firm frequently engaged in the federal practice--continue to misstate such a basic concept of diversity jurisdiction, as Complaint ¶4 filed on behalf of Fusion Capital Fund II, LLC ("Fusion") does here.  And as if that were not enough, Complaint ¶¶6 and 7 also impermissibly speak of the residence rather than the state of citizenship of each of the individual parties.

     In the latter respect, our Court of Appeals counsels that an offending complaint should be dismissed (see Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)).  But that would stick a quite innocent plaintiff such as Fusion with an additional $350 filing fee to tender a new and proper complaint, and no client should be compelled to bear that needless cost because of a lawyer's error.

This Court accordingly grants leave for the filing of an appropriate amendment to the Complaint (not a full-blown Amended Complaint) on or before August 24, 2007, failing which it would be constrained to dismiss both the Complaint and this action for lack of subject matter jurisdiction.

One other matter posed by the existing Complaint bears brief mention, though this Court neither makes nor suggests any ultimate resolution in that respect. Complaint ¶¶16-19 and certain exhibits to the Complaint identify an earlier lawsuit between codefendant Millenium Holding Group, Inc. ("Millenium") as plaintiff and plaintiff Fusion Capital Fund II, LLC as defendant, with the present lawsuit seeking attorneys' fees and expenses of over $850,000 stemming from Fusion's victory in that litigation (Complaint ¶20). At least in facial terms, it would seem that Fusion's present claim against Millenium might well have been a compulsory counterclaim in that earlier action under Fed. R. Civ. P. 13(a). If this lawsuit does proceed here in consequence of a corrected pleading by Fusion's counsel, that possibility and its consequences are issues that the parties would be expected to address.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 15, 2007