IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

FUSION CAPITAL FUND II, LLC,        )
                                    )
                  Plaintiff,        )
                                    )
     v.                             )     No.  07 C 4543
                                    )
MILLENIUM HOLDING GROUP, INC.,      )
et al.,                             )
                                    )
                  Defendants.       )

## MEMORANDUM ORDER

Richard Ham ("Ham"), one of the three defendants in this action brought by Fusion Capital Fund II, LLC ("Fusion"),[1] has written a letter asking for time to allow all defendants "to accumulate the necessary funds to engage counsel to submit to the court the request to dismiss this complaint." Because Ham has sent a copy of the letter to Fusion's counsel (also sent by certified mail), it is not a prohibited ex parte communication, and this Court is contemporaneously causing the letter and its Exhibits A, B and C to be filed of record.

Because Ham is a nonlawyer, this Court will excuse his noncompliance with this District Court's local rules ("LRs") as to the presentment of motions. Instead it directs Fusion's counsel to be prepared to address Ham's request at the previously-scheduled October 1, 2007 status hearing (the initial

---

[1] Millenium Holding Group, Inc. ("Millenium") and Ham's wife Carla Aufdenkamp ("Aufdenkamp") are the other two defendants.

status hearing in the case). And for the same reason this Court will not treat Ham's letter request as the equivalent of an appearance in the litigation (Fusion's counsel has previously filed a Certificate of Ongoing Efforts To Effect Service, and those efforts are expected to continue to bring all defendants formally before the court.

That aside, Ham's communication has triggered this Court's consideration of another issue that calls for a response on Fusion's part. Fusion has grounded this action, which seeks declaratory relief and indemnification for its fees and expenses incurred in the ongoing Nevada litigation among the parties, in diversity of citizenship terms. To that end it points to a contractual forum selection clause as the predicate for suing defendants--all of whom are Nevada citizens--here in Illinois.

But the exhibits attached to Ham's letter, which are drawn from that underlying litigation in the United States District Court for the District of Nevada, highlight a potential problem that was mentioned at the end of this Court's brief sua sponte memorandum order issued August 15, 2007.[2] Those Nevada litigation papers, filed in an action brought by Millenium against Fusion and others, show that Fusion filed a counterclaim

---

[2] That order's primary purpose was to require Fusion's counsel to clean up their act by a proper identification of the litigants' respective states of citizenship, something that was then taken care of by Fusion's August 23 Amendment to Complaint.

2

there against Millenium.  According to the August 2, 2007 order entered in that case by District Judge James Mahan addressing various motions for summary judgment and other issues:

> Fusion's counterclaim seeks a declaratory judgment that it is entitled to recover its attorneys fees in this action from plaintiff [Millenium] under section 11(p) of Common Stock Purchase Agreement.

Fusion's counsel owes this Court an explanation as to why, when it was already before that Nevada court and deeply involved in that litigation (including targeting Millenium to provide the same relief that Fusion seeks here), it did not simply assert the presently advanced claims in that earlier litigation (if need be, bringing Ham and Aufdenkamp, who are Nevada citizens and readily servable in that jurisdiction, into the case by third party action).  That subject should also be addressed at the initial October 1 status hearing.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date:  September 27, 2007

---

[3] Although the 9 a.m. October 1 scheduling has not taken account of the time zone differential between Nevada and Illinois (this Court had then anticipated that counsel would be appearing on defendants' behalf), if Ham wishes to be heard and to hear what is being said by Fusion's counsel in this Court he must call into 312.435.5766 promptly at 9 a.m. Chicago time.  If so, he will be placed on speakerphone during the status hearing.