IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

FUSION CAPITAL FUND II, LLC,      )
                                  )
                  Plaintiff,      )
                                  )
     v.                           )    No. 07 C 4543
                                  )
MILLENIUM HOLDING GROUP, INC.,    )
et al.,                           )
                                  )
                  Defendants.     )

                        MEMORANDUM ORDER

    At the time of this week's March 12 status hearing in this action, mention was made of an Answer that had been filed by defense counsel--a pleading missing from this Court's chambers file. When this Court's minute clerk then printed out that responsive pleading (Dkt. 23, which had been filed on January 22, 2008, but a copy of which had apparently not been provided to this Court in accordance with local rule), the unsatisfactory nature of that Answer has prompted the sua sponte issuance of this memorandum order.

    Lead defense counsel is a Las Vegas lawyer whom this Court has been pleased to accommodate by scheduling status hearings to allow his telephonic participation. It seems likely that the out-of-state counsel has been carrying the laboring oar in all respects, even though the Answer bears the signature of local counsel here in Chicago. There is of course no excuse for local counsel's noncompliance with this District Court's LRs, to say nothing of other basic pleading principles, but any out-of-state

counsel participating pro hac vice is also expected to become aware of any such local requirements.  What follows, then, deals with the problematic aspects of the Answer.

To begin with, LR 10.1 specifies:

> Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed.

As a matter of information for the out-of-state counsel in this case, that provision is most often complied with by copying (rather than by seeking to summarize) each paragraph of the complaint, with each paragraph then followed by the corresponding answer.  That requirement has a salutary effect:  It enables the reader to see exactly which complaint allegations are being controverted and which are not, rather than having to flip back and forth between two pleadings.

Next, as to the numerous disclaimers that conform to the second sentence of Fed. R. Civ. P. ("Rule") 8(b), it is oxymoronic for the pleader to go on to say "and, therefore, denies the same."  How can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in the same objective good faith that is required by Rule 11(b)?  Accordingly the quoted phrase is stricken and may not be repeated in the Amended Answer referred to later.

As to two other locutions employed in the Answer as a basis

for avoiding the response demanded by Rule 8(b)'s first sentence, attention should be given to the Appendix to this Court's opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001):

    1.  As to the notion that a "document speaks for itself," see App. ¶3 to State Farm.

    2.  As for the mistaken notion that no response is required to what is labeled "a legal conclusion," see App. ¶2 to State Farm.

In the Amended Answer required by this memorandum order, those locutions must be eliminated.

Finally, it will not do for defense counsel to set out a laundry list of affirmative defenses ("ADs") that do not identify the asserted flaws in the Complaint in a manner sufficient to satisfy the notice pleading standards that are imposed on federal defendants as well as plaintiffs--see App. ¶5 to State Farm. Accordingly, any ADs that are retained in the Amended Answer must be fleshed out sufficiently for that purpose (without, of course, defendants having to plead evidence)--and if and to the extent that any such ADs call for threshold determination, defendants must bring appropriate motions for their resolution or they will be deemed to have waived (more accurately, forfeited) those ADs.

For the reasons stated here, the existing Answer is stricken, with a self-contained Amended Answer ordered to be

filed on or before March 26, 2008. No charge is to be made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Defense counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: March 14, 2008