IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FUSION CAPITAL FUND II, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 4543 |
| | ) | |
| MILLENIUM HOLDING GROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Because the counsel for defendants Millenium Holding Group, Inc., Richard Ham and Carla Aufdenkamp (collectively "Millenium," treated for convenience as a singular noun) were Las Vegas-based and hence unfamiliar with the procedural requirements of this District Court's LRs, in addition to which the original Answer they had filed on Millenium's behalf disclosed some other flaws, this Court issued a brief March 14, 2008 memorandum order calling for the preparation and submission of a self-contained Amended Answer to replace that original Answer (which was stricken). That Amended Answer ("AA") is now in hand, and because its preparation in conformity with LR 10.1 has highlighted some problematic aspects of the revised pleading, this memorandum order is issued sua sponte to direct counsel's attention to those items.

To begin with, although the AA now conforms to the language of the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as the predicate for getting the benefit of the deemed denial of a good

many of the Complaint's allegations, it seems highly questionable in a number of instances that such disclaimer can be advanced in the objective good faith demanded by Rule 11(b)--see AA ¶¶2, 10, 25, 27, 28, 41 and 63.[1]  In addition, part or all of a whole group of Millenium's flat-out denials, phrased as they are in the form of "deny[ing] each and every allegation" in a Complaint paragraph, seem very dubious in whole or in part--see AA ¶¶3, 5, 18, 23, 24, 26, 46, 47, 48, 49, 59, 61 and 62.

As to the Affirmative Defenses ("ADs") appended to the AA, AD 1 seems to reflect a bizarre notion of lack of consideration. Unless Millenium promptly brings that issue on by a properly supported motion, AD 1 will be stricken.  ADs 2 and 3 also seem questionable, and to flush out their viability or nonviability this Court imposes the same obligation on Millenium's counsel.

Apart from the ADs, what has been said here as to the AA itself requires careful reconsideration by Millenium's counsel. Accordingly counsel are ordered to address the deficiencies pointed out here promptly, although no specific timetable for

---

[1] Although this memorandum order has sought to be thorough in canvassing Millenium's responses, it may well have missed some.  Hence the listings in the text should not limit Millenium's counsel in casting a sharp eye as to all of the Rule 8(b) disclaimers and the denials referred to next.

counsel's action is included in this memorandum order.

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date:  March 31, 2008